**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 93-4037
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BRUCE ALLEN CAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Louisiana
_____

(December 15, 1993)

Before HIGGINBOTHAM, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Bruce Cain appeals his sentence following his plea of guilty and conviction of conspiracy to transport a stolen motor vehicle in interstate commerce and of interstate transportation of a stolen motor vehicle.  We affirm.

I.

In September 1992, Bruce Cain and two others were charged in a two-count bill of information with conspiracy to transport a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 371 and § 2312 and with interstate transportation of a stolen motor vehicle and aiding and abetting in violation of 18 U.S.C. § 2312 and § 2.  Cain pled guilty to both counts of the bill pursuant to a written plea agreement.

The presence investigation report (PSR) indicated a criminal history level of five. The PSR reported that Cain was convicted and sentenced in 1977 under the Wisconsin Youthful Offender Act to two years imprisonment for the burglary of a sporting goods store and theft of several firearms, for which he received three criminal history points.

On October 29, 1977, Cain escaped from the Oakhill Correctional Institution and embarked on a five-day crime spree in Michigan and Wisconsin. This activity resulted in convictions for stealing a motor vehicle, breaking and entering, and attempting to steal another motor vehicle. The presence investigation report assigned three points for his convictions arising out of activity in Michigan, two points for his escape conviction in Wisconsin, and three points for his conviction for unauthorized use of a motor vehicle in Wisconsin.

The district court overruled all of Cain's objections to the presence investigation report and accepted the report's total offense level of ten and criminal history category of five. We consider Cain's arguments below

II.

Cain first argues that his criminal history level is incorrect because it includes a sentence that is over ten years old. Cain was assessed two criminal history points based on his conviction following a guilty plea 1985 to the escape that occurred in 1977. Cain was sentenced to one year of imprisonment, but he was given credit for time served in 1980 and served no additional prison time. Cain argues that because he completed his one year sentence

2

over ten years before the commencement of the instant offense, the prior sentence should not have been included in his criminal history.

The Guidelines provide that prior sentences of less than one year and one month should be counted only if the prior sentence "was imposed within ten years of the defendant's commencement of the instant offense..." § 4A1.2(e)(2). The term "prior sentence" means any sentence previously imposed upon adjudication of guilt. § 4A1.2(a)(1).

Cain argues that the term "imposed" is different from the "pronouncement of sentence in court." He argues that the one year he served in 1980 constitutes imposition of sentence because it was the penalty imposed by the court, even though it was not pronounced until 1985. However, this interpretation ignores the words that follow the term "imposed" in § 4A1.2(a)(1); namely, "upon adjudication of guilt." Adjudication of guilt can only occur when the court pronounces the defendant's guilt. The sentence was not imposed until 1985 following Cain's plea of guilty, and the court's acceptance of the plea and pronouncement of Cain's guilt. Thus, the court "imposed" sentence on Cain in 1985 even though it gave him credit against this sentence for time served in 1980. Therefore, the court did not err in assigning two points for appellant's 1985 escape conviction.

Cain next contends that the convictions resulting from offenses committed while he was on escape status should be grouped with his escape conviction and counted as only one offense for purposes of his criminal history. Cain argues that the escape, car

theft, burglary and attempted car theft were all part of a single common plan and therefore were "related cases" that should be grouped under U.S.S.G. § 4A1.2(a)(2). This section provides that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history." The Commentary to this section provides that cases are related if they "1) occurred on the same occasion, 2) were part of a single common scheme or plan, or 3) were consolidated for trial or sentencing."

These crimes did not occur on the same occasion, nor were they consolidated for trial. Therefore, the question narrows to whether they were part of a single common scheme or plan. For a number of reasons, we agree with the district court that these multiple crimes were not part of a single scheme or plan. The victims were different. The crimes occurred in different states. As far as the record shows, these were random crimes without any overall scheme or plan.

Finally, Cain argues that the district court erred in not departing downwards from the sentencing guidelines' range. All of appellant's prior crimes occurred in 1977 when he was nineteen years old. He was released from prison in 1982 and had no infractions until 1992. He points out that the passage of just a few months before the instant crime was committed would have put Cain in criminal history one or two rather than five. For all of these reasons, Cain argues that the court should have departed downwards.

When the district court has sentenced within the guidelines, appellate review is limited to determining whether the guidelines

4

were correctly applied. **U.S. v. Soliman**, 954 F.2d 1012 (5th Cir. 1992). Generally, a claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief. **U.S. v. Keller**, 947 F.2d 739, 741 (5th Cir. 1991) (citations omitted). The district court did not abuse its discretion in refusing to grant Cain a downward departure. All of defendant's prior offenses were felonies, and his prior offenses included theft of an automobile, the same type of offense as the instant offense.

For all of the foregoing reasons, we affirm the sentence imposed by the district court.

AFFIRMED.