# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 99-30916

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVEN W. ARNOLD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

June 6, 2000


Before POLITZ, SMITH, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

This appeal requires us to interpret U.S.S.G. § 4A1.2(e)(2) to answer the following question: For purposes of determining a defendant's history of previous criminal conduct during the ten-year period before the commencement of the offense of conviction, do we look (1) to the date on which the previous court pronounced sentence on the prior offense or (2) to the date on which the defendant began serving his sentenceSSat least in cases in which a suspended sentence was subsequently revoked? We adopt the former position and therefore vacate and remand for resentencing.

I.

Steven Arnold pleaded guilty to a federal offense committed in February 1999. He had been convicted in a city court of driving while

intoxicated ("DWI") in October 1988, beyond the ten-year period before commission of the instant offense. In November 1988, the city court gave him a suspended sentence of ninety days and placed him on active probation for two years. Probation was subsequently revoked, however, and Arnold began serving his suspended sentence in September 1989SSwithin ten years of the instant, federal offense.

The probation office issued a presentence report that included the city court conviction in its calculation of Arnold's criminal history score for purposes of the sentencing guidelines. Arnold objected on the ground that his city court conviction and sentence pronouncement had occurred more than ten years before the federal offense and that, therefore, the conviction was excluded under U.S.S.G. § 4A1.2(e)(3).[1]

The district court overruled the objection and sentenced Arnold to the maximum guideline sentence of 27 months' imprisonment. The effect of including the DWI conviction was to upgrade Arnold's classification from Criminal History Category V (triggering a sentencing range of 18 to 24 months) to Category VI (a range of 21 to 27 months), thereby increasing his imprisonment by at least three months.

## II.

Under the sentencing guidelines, federal courts consider a defendant's criminal history as part of their determination of the applicable sentencing range:

---

[1] *See* § 4A1.2(e)(3) ("Any prior sentence not within the time periods specified above is not counted.").

(e) Applicable Time Period

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(2) *Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.*

(3) Any prior sentence not within the time periods specified above is not counted.

U.S.S.G. § 4A1.2(e) (emphasis added).

For his 1988 DWI conviction, Arnold received a suspended sentence of ninety days, a term of imprisonment he subsequently served when the court revoked his probation. Because that sentence did not exceed thirteen months, *see* § 4A1.2(e)(1), the governing rule is § 4A1.2(e)(2). The text of § 4A1.2(e)(1) is nevertheless before us, for § 4A1.2(e)(1) and (2) ought to be read *in pari materia*. We therefore construe both provisions together to determine what it means for a "prior sentence" to be "imposed."

The text of subsections (1) and (2) of § 4A1.2(e) track one another closely. Under subsection (1), "[a]ny prior sentence of imprisonment exceeding one year and one

2

month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." § 4A1.2(e)(1). Similarly, subsection (2) provides that "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." § 4A1.2(e)(2).

Although the guidelines do not define when a sentence is "imposed" for purposes of § 4A1.2(e), they do define "prior sentence" as "any sentence *previously imposed upon adjudication of guilt*, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." § 4A1.2(a)(1) (emphasis added). "Adjudication of guilt can only occur when the court pronounces the defendant's guilt." *United States v. Cain*, 10 F.3d 261, 262 (5th Cir. 1993). This definition thus tends to support Arnold's view that a sentence is "imposed" when it is first pronounced by the court, and not when the term of imprisonment begins, as urged by the government. This definition is applicable to § 4A1.2(e)(1) and (2) alike.

Moreover, unlike subsection (2), subsection (1) additionally states: "Also count any prior sentence of imprisonment exceeding one year and one month, *whenever imposed*, that resulted in the *defendant being incarcerated during any part of such fifteen-year period*." § 4A1.2(e)(1) (emphasis added). This second prong of § 4A1.2(e)(1), applicable only to prior sentences exceeding thirteen months' imprisonment, does not rely on when the sentence is "imposed." So long as the defendant was incarcerated within the statutory time period, the prior sentence will be counted in the criminal history scoreSSregardless of when the sentence was "imposed."

This second prong of § 4A1.2(e)(1) would cover situations such as Arnold's (that is, had his city court DWI sentence included more than thirteen months' incarceration), situations in which a suspended sentence is pronounced prior to the statutory period, but where probation is revoked and incarceration begins within the relevant time period. In other words, had Arnold's prior sentence exceeded thirteen months, he would have no argument for attacking the sentence.[2] *Expressio unius est exclusio alterius*; the fact that § 4A1.2(e)(1) explicitly covers these circumstances is strong indication that § 4A1.2(e)(2) does not.

The government fails to persuade us why *expressio unius*SSa linguistic canon of statutory constructionSSought not apply here. Moreover, unambiguous language in § 4A1.2-(k)(2)(B) supports our approach to § 4A1.2-(e)(1) and (2). That provision explicitly addresses the problem of revocation of parole:

Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For the purposes of determining the applicable time period, use the following: (i) *in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence* (see *§ 4A1.2(e)(1)*); (ii) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday,

---

[2] Of course, had the city court sentence exceeded 13 months, a 15-year period would have applied, thereby providing a far simpler grounds for affirming. *See* § 4A1.2(e)(1).

the date of the defendant's last release from confinement on such sentence (see § 4A1.2(d)(2)(A)); and (iii) *in any other case, the date of the original sentence* (see § 4A1.2(d)(2)(B) and *(e)(2)*).

§ 4A1.2(k)(2)(B) (emphasis added). Under the approach we now adopt, prongs (i) and (iii) of § 4A1.2(k)(2)(B) fit onto § 4A1.2(e)(1) and (2) perfectly.

This reasoning is consistent with *Cain*. There, the defendant had been convicted and sentenced on a previous offense *within* the ten-year period before the offense of conviction. He served no prison time on that sentence, however, because he enjoyed credit for time served *before* the ten-year period leading up to the offense of conviction. The district court counted that prior conviction in the criminal history score, and we affirmed, stating that a sentence is imposed for purposes of § 4A1.2-(e) "when the court pronounces the defendant's guilt," *Cain*, 10 F.3d at 262, regardless of any accumulation of credit for previous time served.

This case is the mirror image of *Cain*, which involved a period of incarceration outside the statutory period and a pronouncement of sentence within. By contrast, the instant case involves incarceration within the period but a sentence prior to it. Because sentence pronouncement is the sole, relevant event for purposes of § 4A1.2(e)(2), we count Cain's prior sentence but not Arnold's.

### III.

In summary, reading the sentencing guidelines *in pari materia*, we conclude that, under § 4A1.2(e)(2), prior sentences that do not exceed thirteen months are counted for purposes of determining a criminal history score, but only if the sentencing court pronounced the term of incarceration within ten years of the commencement of the instant offense. Therefore, we VACATE and REMAND for resentencing.[3]

---

[3] We reject the government's invitation to speculate that, without the city court conviction, the district court simply would have utilized an upward departure to achieve the same sentence.