**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-51022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID BECERRA, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas, Waco Division
(00-CR-39-1)

August 23, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant David Becerra, Jr. pleaded guilty to possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On September 28, 2000 the district court sentenced Becerra to a 51-month term of imprisonment, a three-year period of supervised

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

release, a $100 mandatory assessment, and a $2,500 fine. The court based the sentence on a total offense level of seventeen and a criminal history of V, which the district court reached in part by adding two criminal history points for each of Becerra's 1996 theft convictions. Becerra argues on appeal that these offenses involved thefts that were related pursuant to section 4A1.2(a)(2) of the United States Sentencing Guidelines and that the district court should not have counted the offenses separately. *See* U.S.S.G. § 4A1.2(a)(2).

## I. Facts

On May 24, 1996, a witness reported suspicious activity near his home in Waco, Texas at 3:17 a.m. Police officers responded to the call and discovered a pick-up truck with a missing window at 3612 Kenwood. The owner of the truck reported a missing case filled with ten compact discs and a missing portable compact disc player. Another complainant reported the theft of a cellular phone from a motor vehicle at 3501 Kenwood. On June 11, 1996, Becerra was arrested and found to be in possession of the stolen cellular telephone and portable compact disc player. Because the identity of the compact disc player was unknown at the time of the June 11 arrest, police arrested Becerra again on July 4, 1996 for the theft from the truck. Becerra pleaded guilty to two counts of theft over $50 and under $500. He was sentenced to 120 days in jail.

On May 11, 2000, a grand jury indicted Becerra for possession

of a stolen firearm.  Becerra pleaded guilty to the charge on June 15, 2000.  Based on a total offense level of seventeen and a criminal history of V, the presentence report ("PSR") recommended forty-six to fifty-seven months imprisonment.  Becerra filed objections to the PSR, arguing that the thefts were related and that the court should assess only two points for both convictions.  At sentencing, the district court rejected Becerra's argument and imposed a sentence based on a criminal history of V.  Becerra filed a timely notice of appeal.

## II. Discussion

Section 4A1.2(a)(2) of the Sentencing Guidelines state that "[p]rior sentences imposed in related cases are to be treated as one sentence . . .."  U.S.S.G. § 4A1.2(a)(2).  Related cases are defined in the commentary as offenses that "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."  *Id*., *comment*. (n.3).  Becerra argues that the offenses he committed on May 24, 1996 occurred on the same occasion or were part of a single common scheme or plan.  We review the district court's application of the sentencing guidelines de novo.  *See United States v. Moreno-Arredondo*, No. 00-50603, 2001 WL 694083, at *7 n.10 (5th Cir. June 19, 2001) (holding that the Supreme Court's recent decision in *Buford v. United States*, 121 S.Ct. 1276 (2001), which applied a deferential standard of review to "functional consolidation" cases,

3

does not extend to cases involving whether offenses occurred on the same occasion or were part of a single common scheme or plan).

This Court addressed whether offenses occurred on the same occasion in *United States v. Johnson*, 961 F.2d 1188 (5th Cir. 1992), *United States v. Cain*, 10 F.3d 261, 263 (5th Cir. 1993), and more recently in *United States v. Moreno-Arredondo*, 2001 WL 694083, at *1. In *Johnson*, the defendant was convicted of driving while intoxicated, driving with a suspended license, and failing to identify himself to a police officer. *See Johnson*, 961 F.3d at 1188. All three offenses occurred on the same day. *See id*. Without explanation, we stated, "It seems evident that the three . . . convictions were for offenses which 'occurred on a single occasion.'" *Id*.

In *Cain*, the defendant committed a series of offenses over a five-day period in connection with his escape from prison. *See Cain*, 10 F.3d at 262. The defendant argued that his convictions for the escape, stealing a motor vehicle, breaking and entering, and attempting to steal another vehicle were committed on the same occasion. *See id*. at 263. We held that the district court did not err in finding that the claims were unrelated.

In *Moreno-Arredondo*, the defendant was convicted of illegal re-entry into the United States in violation of 8 U.S.C. § 1326. *Moreno-Arredondo*, 2001 WL 694083, at *1. The government obtained an enhancement of his sentence under § 1326(b)(2) based on his pre-

4

deportation convictions in Texas on two felony counts of aggravated indecency with a child. *Id*. On appeal, the defendant argued that his state convictions for inappropriately touching two young girls, within moments, on the same day, and without ever leaving the couch on which he sat while touching the girls, were for offenses that occurred on the same occasion and were thus related for purposes of U.S.S.G. § 4A1.2(a)(2). *Id*. at *1, *4. We agreed, finding that the district court's failure to treat the two cases as related resulted in an erroneously high sentencing range, vacated the defendant's sentence, and remanded the case for resentencing. *Id*. at *7.

Becerra's string of car thefts on May 24, 1996 more closely resembles the crime spree in *Cain* than the offenses relating to the traffic violations in *Johnson* or the offenses relating to the child indecency convictions in *Moreno-Arredondo*. Presumably, the offenses in *Johnson* occurred within a short period of time and related to one arrest. *See Johnson*, 961 F.2d at 1188. Likewise, only moments separated the two offenses in *Moreno-Arredondo*. *See Moreno-Arredondo*, 2001 WL 694083, at *1 ("In both *Johnson* and *Moreno*, offenses were committed sequentially, albeit with but momentary temporal separations in each case."). Moreover, in *Moreno-Arredondo*, both offenses "took place in precisely the same, small place: the same seat, on the same couch, in the same room, in the same house." *Id*. at *5.

Becerra's crimes, while occurring on the same day, involved two separate acts of theft.  Unlike the traffic violations in *Johnson*, Becerra's crimes involved two different victims and resulted in two arrests.  Also, unlike the child indecency offenses in *Moreno-Arredondo*, Berreca's offenses occurred in two different locations, though on the same street.  Becerra's offenses therefore did not occur on the same occasion.  *See also United States v. Williams*, 187 F.3d 429 (4th Cir. 1999) (holding that crimes committed while police were pursuing a defendant were not committed on the same occasion even though the offenses occurred only fifteen minutes apart); *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (concluding that the offenses of bank robbery and attempted bank robbery did not occur on the same occasion even though the crimes were committed only ninety minutes apart).

Becerra also argues that the offenses were related because they were part of a single common scheme or plan.  "[T]he term 'common scheme or plan' . . . mean[s] more than repeated convictions for the same criminal offense." *United States v. Robinson*, 187 F.3d 516, 520 (5th Cir. 1999).  "The fact that [a] defendant repetitiously commits the same offense, in and of itself, is insufficient to establish a common scheme for the purposes of U.S.S.G. § 4A1.2(a)(2)." *United States v. Mota-Aguirre*, 186 F.3d

6

596, 600 (5th Cir. 1999). Even if crimes are committed on the same day, at the same place, and involve the same participants, they are not necessarily part of a common scheme or plan. *See United States v. Ford*, 996 F.2d 83, 86 (5th Cir. 1993) (citing *United States v. Garcia*, 962 F.2d 479 (5th Cir.), *cert denied*, 506 U.S. 902 (1992)). "[O]ffenses are part of a common scheme or plan where 'commission of one crime entailed the commission of the other,' i.e., the second offense could not have occurred but for the first offense." *United States v. Salter*, 241 F.3d 392, 396 (5th Cir. 2001) (quoting *Robinson*, 187 F.3d at 520).

Becerra argues that the thefts on May 24, 1996 were part of a single plan to steal items from cars in the same neighborhood during the same day. He claims that the only reasonable explanation is that the offenses were part of a common scheme or plan. Although Becerra's offenses occurred on the same day, on the same street, and for the same objective, the first theft did not necessarily entail the commission of the second. Becerra's offenses on May 24, 1996 therefore did not occur on the same occasion and were not part of a common scheme or plan. Accordingly, we affirm Becerra's sentence.

AFFIRMED.