United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20251
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY JOE BROWNLOW,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-571-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Joe Brownlow appeals from the sentence imposed following his guilty-plea conviction on one count of being a felon-in-possession of a firearm. See 18 U.S.C. § 922(g)(1). Brownlow contends that the district court erred by assigning, pursuant to U.S.S.G. § 4A1.1(b), criminal history points for a 180-day sentence for theft imposed in 1989 and for a 90-day sentence, also for theft, imposed in 1991.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Brownlow did not object to his sentence on this ground in the district court, our review is for plain error. See United States v. Medina-Anicacio, 325 F.3d 638, 643 (5th Cir. 2003). Under the plain-error standard of review, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are satisfied, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Brownlow argues that criminal history points should not have been assessed because the theft sentences were imposed more than 10 years before he commenced the instant offense. In United States v. Arnold, 213 F.3d 894, 896 (5th Cir. 2000), this court determined that under U.S.S.G. § 4A1.2(e)(2) "prior sentences that do not exceed thirteen months are counted for purposes of determining a criminal history score, but only if the sentencing court pronounced the term of incarceration within ten years of the commencement of the instant offense." Id.

The Government concedes that the sentences for the 1989 and 1991 convictions were not imposed with 10 years of the date Brownlow commenced the offense charged in the indictment. The Government argues, however, that any error is effectively obscured because Brownlow remained incarcerated on parole

violations beyond the sentence imposed for the theft convictions. This argument is unavailing, as our review of the record reveals that no sentence of imprisonment was imposed for either the 1989 theft conviction or the 1991 theft conviction within the 10-year time frame. "[S]entence pronouncement is the sole, relevant event for purposes of § 4A1.2(e)." Arnold, 213 F.3d at 896.

The Government also submits that the district court's error is not plain because the district court could have imposed the same sentence by finding that Brownlow had obstructed justice or by imposing an upward departure. We decline to engage in such speculation. See Arnold, 213 F.3d at 896 n.3.

The district court's error was plain and, absent the error, Brownlow would have received a lesser sentence. The district court's error therefore affected Brownlow's substantial rights. See United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996). Because in this matter the error seriously affected the fairness and integrity of the judicial proceeding, we will exercise our discretion to correct the error. See id. The sentence is hereby VACATED, and the matter is REMANDED to the district court for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.