IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40835

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARTIN BALLESTEROS-RAMIREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-569-1

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Convicted on his guilty plea to illegal reentry after having been deported, Martin Ballesteros-Ramirez challenges only his sentence, contending that the district court erred in computing his criminal history for determining his sentencing range under the advisory sentencing guidelines. Primarily at issue is whether the district court erred by treating a prior stolen-vehicle sentence as countable, for criminal-history-point purposes, under the time limits set forth in the guidelines. Prior to deciding that issue, however, the applicable standard of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review must be determined.  Pursuant to our review of the record, the plain-error standard applies.  AFFIRMED.

I.

In 1995, Ballesteros was convicted of:  presenting a false identification card; and, in a separate incident, possession of a stolen vehicle.  These two 1995 convictions both resulted in five-year suspended sentences, imposed in October 1995.  In 1996, Ballesteros was convicted for a third offense:  possession of cocaine.  This caused the suspended sentences for his two 1995 convictions to be revoked on 2 August 1996, when he was sentenced for the third offense.

Ballesteros served these three sentences concurrently, completing them in May 1998.  In December 2000, he completed serving a sentence for another 1996 offense; that sentence was imposed consecutive to the other three.  He was removed from the United States in May 2001.

For the judgment at hand, Ballesteros pleaded guilty to reentering the United States on 29 March 2007 after having been deported.  Pursuant to his written objections to the presentence investigation report (PSR), a revised report was prepared (revised PSR).  The revised PSR assessed ten criminal-history points (criminal-history category V), including three for his 1995 false-identification-card sentence and one for his 1995 stolen-vehicle sentence.

In that regard, because of the 1996 revocation of the suspended sentences for those two convictions, the revised PSR assessed the three criminal-history points for the false-identification-card sentence pursuant to Guideline § 4A1.1(a) (three points added for each prior sentence of imprisonment exceeding 13 months).  On the other hand, because the 1996 revocation also applied to the stolen-vehicle sentence, the revised PSR did not assess an additional three criminal-history points for that sentence, pursuant to Guideline § 4A1.2 Application Note 11 (addressing points added where one revocation applies to multiple sentences).  Instead, only the one criminal-history point was assessed

for the stolen-vehicle sentence, pursuant to Guideline § 4A1.1(c) (one point added for each prior sentence not counted under Guideline § 4A1.1(a) or (b)).

Ballesteros' having a criminal-history category V, and a total offense level of 13, resulted in his having an advisory sentencing range of 30 to 37 months. In August 2007, he was sentenced, inter alia, to 32-months' imprisonment.

## II.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, for a guidelines issue preserved in district court, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Ballesteros contends the district court erred by assessing one criminal-history point for his stolen-vehicle sentence. He essentially maintains: the stolen-vehicle sentence should be viewed as though it had not been revoked and served concurrently; and, therefore, the stolen-vehicle sentence is too old, under Guideline § 4A1.2(e)'s time limit, to garner criminal-history points. (Guideline § 4A1.2(e) provides time limits to be applied when counting prior sentences.)

Ballesteros roots his contentions in Guideline § 4A1.2 Application Note 11, which states, in part: "Where a revocation applies to multiple sentences . . . add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points". It appears that this guidance is why, in this instance, the revised PSR used the revocation in 1996 to impose three criminal-history points for one—but not both—of Ballesteros' prior 1995 sentences.

Ballesteros contends that, because Application Note 11 caused his stolen-vehicle sentence to remain unchanged with respect to the number of criminal history points to be applied to it, it should also cause that sentence to remain unchanged in all respects—including with respect to any application of Guideline § 4A1.2(e)'s time limits. Accordingly, Ballesteros, with little discussion, presumes the ten-year time limit described in Guideline § 4A1.2(e)(2), discussed infra, applies to the stolen-vehicle sentence. In conjunction with this presumption, he urges: the original date of the suspended sentence (11 October 1995) should govern; the date he completed serving the revoked sentence (26 May 1998) should be ignored; and, therefore, this sentence should not garner a criminal-history point because 11 October 1995 (the original date of the suspended sentence) was more than ten years before his illegal reentry offense. See U.S.S.G. § 4A1.2(e)(2).

A.

As noted, the interpretation or application of the advisory sentencing guidelines is ordinarily reviewed de novo. An issue raised for the first time on appeal, however, is reviewed only for plain error. E.g., United States v. Huff, 370 F.3d 454, 463-464 (5th Cir. 2004). Under that standard of review, reversible plain error occurs only for a clear or obvious error that affects the defendant's substantial rights; even then, we retain discretion whether to correct the error; and, generally, we will do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings". United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

The parties take the position that our review should be de novo, implying that the issue at hand was preserved in district court. Of course, we, not the parties, decide what standard of review applies. E.g., United States v. McDowell, 498 F.3d 308, 313 (5th Cir. 2007). For the reasons that follow, the plain-error standard applies.

"[I]n order to preserve an issue for appeal, the grounds for an objection must be stated specifically". United States v. Medina, 887 F.2d 528, 533 (5th Cir. 1989) (emphasis added). The legal reasoning giving rise to the objection must be conveyed "in such a manner so that the district court may correct itself and thus[] obviate the need for our review". United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995).

When an objection is based upon the advisory guidelines, a specific citation to the section or note at issue, while extremely helpful to the district court, is not always required. See United States v. Ocana, 204 F.3d 585, 589 (5th Cir. 2000). Where the objection that purportedly preserves an issue for appeal fails to make such a reference, however, the district court should, at least, be "clearly notified of the grounds upon which [the defendant's] objections [are] being made". Id. This requirement ensures the district court is presented "with a sufficient basis to identify and correct the purported infirmity". United States v. Berry, 977 F.2d 915 (5th Cir. 1992). Compare United States v. Guitierrez-Ramirez, 405 F.3d 352, (5th Cir. 2005) (reviewing a sentencing enhancement de novo, where the defendant's objection specifically contested the breadth of [the statutory section cited]), with United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995) (reviewing only for plain error, where the defendant's objection to his sentence "offered no particular legal basis"). Cf. United States v. Heath, 970 F.2d 1397, 1407 (5th Cir. 1992) (reviewing a challenged jury instruction only for plain error because "[a] party may not state one ground when objecting to an instruction and attempt to rely on a different ground for the objection on appeal").

Ballesteros did maintain, both through written objections to the revised PSR and at sentencing, that his stolen-vehicle sentence should not garner a criminal-history point because of its age, pursuant to Guideline § 4A1.1(c) and Guideline § 4A1.1 Application Note 3 (provisions providing for the addition of one point for certain prior sentences). In neither instance, however, did he

clearly advance the contention that the ages of separate prior sentences might be calculated differently if they were the product of a single revocation, pursuant to the interpretation of Guideline § 4A1.2 Application Note 11 that he now urges.

Although Ballesteros' objections to the revised PSR and at sentencing never pressed the district court to interpret Application Note 11, that note is the provision upon which the majority of his appellate brief now rests. Application Note 11 was referenced in his written objections to the original PSR; a revised PSR was prepared as a result of, inter alia, those objections; but, while Ballesteros did make written objections to the revised PSR, he did not present his current Application Note 11 assertions in those objections or at sentencing. To preserve those assertions, he was required to raise them in district court.

Therefore, because the Application Note 11 issue that Ballesteros raises on appeal was not raised with the requisite specificity in district court, that court did not have an opportunity to rule on it. See Medina, 887 F.2d at 533. As a result, the challenged criminal-history computation is reviewed only for plain error.

This application of the plain-error standard is not engaging in the longstanding legal proscription against placing "form over substance"—far from it. Issues are to be developed and decided first in district court, not on appeal. As noted, the district court is entitled to have an issue presented to it before a dissatisfied litigant raises it on appeal. Moreover, this ensures thorough development and examination of an issue at the earliest opportunity, resulting in judicial efficiency, among other things.

B.

In essence, Ballesteros claims the application note trumps the parts of the guideline to which the note applies. As discussed supra, he maintains his five-year stolen-vehicle sentence falls under the ten-year limit of Guideline § 4A1.2(e)(2), which addresses sentences of less than 13 months.

This attempt to shoehorn his five-year sentence into the time limits of Guideline § 4A1.2(e)(2) fails. As noted, included in Guideline § 4A1.2(e), entitled "Applicable Time Period", is subpart (e)(1), which provides:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

(Emphasis added.) Ballesteros appears to contend: his stolen-vehicle sentence, because it was initially suspended, should be viewed as a zero-month sentence, thereby not falling under the realm of subpart (e)(1); and, additionally, that the "whenever imposed" clause of subpart (e)(1) should be ignored in this case because Application Note 11 prevents consideration of the five-year sentence ultimately served for this offense.

Ballesteros' contentions hinge on his strained reading of Application Note 11, which he did not present, in district court, in response to the revised PSR. Needless to say, there was no clear or obvious error in subpart (e)(2)'s not being applied by the district court. Indeed, our precedent provides sufficient support for the district court's counting the stolen-vehicle sentence as falling within the time limits established in subpart (e)(1).

In United States v. Arnold, our court stated: for sentences exceeding 13 months' imprisonment, subpart (e)(1) is applicable "[s]o long as the defendant was incarcerated within the statutory time period"; and, under these circumstances, "§ 4A1.2(e)(1) would cover situations . . . in which a suspended sentence is pronounced prior to the statutory period, but where probation is revoked and incarceration begins within the relevant time period". 213 F.3d 894, 895-96 (5th Cir. 2000). See also United States v. Ybarra, 70 F.3d 362, 367 (5th Cir. 1995) (examining subpart (e)(1)'s time limits and holding that the district court did not err in counting defendant's two prior convictions as part of

his criminal history because, "[w]hen his parole was revoked [in 1977] he again began serving the ten-year sentences he received in 1971 and 1972").

In sum, the challenged district court ruling finds support in our precedent. Accordingly, that ruling does not constitute a clear or obvious error. As a result, there is no reversible plain error.

## III.

For the foregoing reasons, the judgment is AFFIRMED.