# United States Court of Appeals for the Fifth Circuit

No. 21-30234
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODERICK DEWAINE HOGAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-3-2

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Roderick Dewayne Hogan appeals the sentence imposed pursuant to his guilty plea to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues for the first time on appeal that his criminal history score was erroneously calculated to include a stale, five-year

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30234

2002 Louisiana sentence for possession of marijuana with the intent to distribute. Our review is for plain error. *See United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007). To show plain error, Hogan must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Government's unopposed motion to supplement the appellate record with documentary evidence from the Louisiana Department of Public Safety and Corrections was granted. Hogan, however, now argues that we should not consider evidence that was not presented in the district court. Nevertheless, supplementation is proper where, as here, the relevant issue was raised for the first time on appeal and the material informs our analysis. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 386-87 (5th Cir. 2006).

When calculating a defendant's criminal history score, the Guidelines direct that three points are to be assessed for each term of imprisonment exceeding one year and one month, whenever imposed, if that term resulted in the defendant's incarceration during any part of the 15-year period prior to his commencement of the instant offense of conviction. U.S.S.G. §§ 4A1.1(a) & comment. (n.1), 4A1.2(e)(1).

Hogan asserts that the 2002 Louisiana sentence was erroneously used to calculate his criminal history score where that term was imposed outside of, and did not extend into, the 15-year period preceding the October 2018 commencement of the instant offense. The record indicates, however, that Hogan was paroled from the 2002 offense on August 22, 2003, and absconded from supervision on March 2, 2007. On July 10, 2009, he was arrested on a new charge of possession of cocaine base, and his parole was revoked on July 13, 2009. The supplemental record evidence bears identical

No. 21-30234

docket numbers and conviction dates and establishes that his revocation sentence start date for the 2002 offense was July 13, 2009. Hogan's sentence on the cocaine base offense was not imposed for purposes of § 4A1.2(e)(1) until June 1, 2010, the same day he was adjudicated guilty of that offense. *See United States v. Arnold*, 213 F.3d 894, 895-96 (5th Cir. 2000). Therefore, he was incarcerated in July 2009 as a result of the 2002 Louisiana sentence and within the requisite 15-year period. *See* § 4A1.2(e)(1), (k)(2)(A). Consequently, the district court did not procedurally err, plainly or otherwise, in calculating his criminal history score. *See Puckett*, 556 U.S. at 135; § 4A1.2(e)(1).

AFFIRMED.