**Ex parte Joseph Robert WEAVER.**

**No. 2–93–500–CR.**

Court of Appeals of Texas,
Fort Worth.

July 19, 1994.

Rehearing Denied Aug. 24, 1994.

Fred Marsh, Denton, for appellant.

Bruce Isaacks, Criminal Dist. Atty.; Kathleen A. Walsh, Asst. Dist. Atty., Denton, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Applicant Joseph Robert Weaver appeals from the trial court's denial of his application for writ of habeas corpus. In one point of error Weaver contends that the trial court erred in failing to grant his writ of habeas corpus because the prosecution is barred by

the doctrine of collateral estoppel and double jeopardy.

We affirm.

On June 10, 1987, Weaver was found guilty of involuntary manslaughter and given ten years' probation. One of the conditions of the probation was that Weaver commit no offense during the probation period. On January 22, 1991, Weaver was charged by information with the December 10, 1990 offense of driving while intoxicated. That case was assigned to Denton County Court at Law Three. On May 14, 1991, the State filed an amended motion to revoke Weaver's probation based on the December 10, 1990 violation, as well as March 16, 1991 driving while intoxicated and driving while license suspended violations, failure to report to parole officer, failure to pay probation fees and court costs, and failure to attend substance abuse counseling sessions. On July 19, 1991, a probation revocation hearing was held in the 16th District Court of Denton County, and Weaver pled "not true" to all the allegations in the First Amended Motion to Revoke. Before any evidence was heard, the State stated that it was waiving and abandoning the December 10, 1990 DWI allegation. After hearing the evidence and argument of counsel, the 16th District Court stated its findings:

THE COURT: I find that the defendant here today is the same person who was placed on probation in cause number 20–312–A. I find that he violated that term or condition of his probation, wherein he was required to commit no offenses against the laws of this State or any other state or of the United States. In that on March 16, 1991, in Denton County, he did then and there drive and operate a motor vehicle in a public place while intoxicated, that violation occurring after June 13 1987 and during the term of his probation. I find that allegation to be true.

I do not find there to be any evidence to substantiate the December 10th, 1990 allegation, or the allegation of driving while license was suspended.

The Court continued by making findings regarding the "technical" violations. The State then made the following objection:

[PROSECUTOR]: Your Honor, I am sorry to interrupt at this time. We would object to the finding of no evidence on December 10th, 1990, prior to presenting any evidence, we abandoned and withdrew that allegation from this Court's consideration. And—

THE COURT: Well, the record will reflect that was, in fact, withdrawn. The Court is finding that there has been no evidence presented on that, in any event.

[PROSECUTOR]: Your Honor, maybe for my own clarification and not interrupt again, you are finding there is no evidence, you are not finding the allegation is not true?

THE COURT: Well, subject to being shown that it was withdrawn. I don't have a recollection. It may have occurred prior to today's hearing. I don't recollect that if it was done prior to today—to today's hearing, that was fine.

[PROSECUTOR]: I did that to the DWI, not DWLS.

THE COURT: For the record showing me some way or the other—

[PROSECUTOR]: May I ask if not, for the Court's convenience, that we'll get to the—

THE COURT: I will let you do that.

The 16th District Court kept Weaver on probation, but imposed a 160 day jail term as an additional condition of probation. The court's written "Order Continuing Defendant on Probation" contained the following finding regarding the December 10, 1990 charge:

As to the allegations contained in paragraph (1), the Court finds that prior to the presentment of evidence, the State withdrew from the Court's consideration and abandoned the allegation that the defendant violated a term of his probation in that on December 10, 1990, in Denton County, Texas, he did then and there drive and operate a motor vehicle in a public place in Denton County, Texas, while intoxicated.

Weaver then filed a writ of habeas corpus with County Court at Law Three, arguing that the finding of the 16th District Court

collaterally estopped the State from proceeding with the prosecution of the December 10, 1990 DWI offense. Weaver also argues that the double jeopardy provisions of the Texas and United States Constitutions bars prosecution of the December 10, 1990 DWI offense.

 The double jeopardy provision of the Fifth Amendment to the United States Constitution protects an accused against twice being placed in jeopardy of punishment for the *same* offense. *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346, 354–55 (1975). In a probation revocation hearing, the State is seeking to impose the punishment originally assessed for the offense for which the probated sentence was given, not the offense which violated the probation condition. *Ex parte Tarver*, 725 S.W.2d 195, 197 (Tex.Crim.App.1986). "[T]he double jeopardy provisions of the Texas and the United States constitutions are not offended when evidence used in a successful or unsuccessful attempt to revoke 'regular' probation or deferred adjudication probation is later used to prosecute the defendant in a different case." *Id.* (quoting *Chambers v. State*, 700 S.W.2d 597, 599 (Tex. Crim.App.1985)). Thus, Weaver's double jeopardy argument fails because he was not placed in jeopardy of punishment for the same offense. Had the probation been revoked, Weaver would have been confined for the offense of involuntary manslaughter. Weaver could then have been tried for the December 10, 1990 DWI offense, and if found guilty received a separate sentence for that offense. Even if we assumed that the trial judge imposed the 160 day jail term probation condition as punishment for the March 16, 1991 DWI allegation that was found true, this is still not the same offense as the December 10, 1990 allegation for which no finding was made.

 The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970). In other words, the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel simply forbids the government from relitigating certain facts in order to establish the fact of the crime. *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex.Crim.App. [Panel Op.] 1981). The doctrine is not to be applied hypertechnically, but requires a reviewing court to examine the record to determine just what issue has been foreclosed between the parties. *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Where the trial court does make a specific finding of fact that the allegation is not true, then that fact has been established so as to bar litigation of that same fact. *Ex parte Tarver*, 725 S.W.2d at 200. Here, the trial court merely stated that it did not hear any evidence regarding the December 10, 1990 DWI offense. It did not make a finding regarding that offense. Had the trial court made a specific "not true" finding for the December 10, 1990 offense, the State would be estopped from retrying that issue. Given the specific facts of this case, we hold that the State is not collaterally estopped from prosecuting Weaver for the December 10, 1990 DWI offense. Weaver's sole point of error is overruled.

The judgment of the trial court denying the writ of habeas corpus is affirmed.