Revised February 18, 2003

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

02-50211

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

OSVALDO COMPIAN-TORRES

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

January 29, 2003

Before JOLLY, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

Defendant Osvaldo Compian-Torres pleaded guilty to illegal reentry after having been deported after a felony drug trafficking conviction. His appeal challenges a 16-level increase in his base offense level prompted by the district court's finding that his prior felony conviction was a drug-trafficking offense "for which the sentence imposed exceeded 13 months." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i).

The district court considered as part of the sentence on the prior felony a term of imprisonment imposed upon revocation of probation. Because such a term of imprisonment is indeed part of

the punishment for the prior felony conviction, we hold that the district court properly counted such prison term in determining the length of the "sentence imposed" on the prior conviction. Finding the increase in Defendant's base offense level to have been correctly applied, we affirm.

## I.

Defendant was sentenced in 1994 for possession of a controlled substance to ten years' probation, and for delivery of a controlled substance to ten years' imprisonment, probated for ten years. P.S.R. at 6 & Supp. R.  His probation was revoked in 2000, and he was sentenced to two years' imprisonment for the delivery offense. Guideline § 2L1.2(b)(1)(A) provides that, if the defendant had a prior conviction "for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels."  The Guideline's Commentary instructs, "If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.1(A)(iv).  The question is whether the two years imposed on revocation are counted under the Guideline and Commentary.

## II.

Defendant misses the mark by arguing that the probation revocation "does not make this Commentary inapplicable."  The Commentary applies to probated sentences, not probation revocations.  (That the ten-year probated sentences were properly

2

omitted from consideration is not disputed; only the two-year term imposed at revocation is at issue.) A sentence imposed on revocation is actually "imposed" as described in the Guideline and not "probated" as excepted in the Commentary.[1]

Compian-Torres also argues that a court should consider only the sentence initially pronounced by the court, regardless of subsequent developments. An interpretation of "sentence imposed" as "sentence originally imposed" is untenable. Since Defendant actually had two sentencing hearings, the term of imprisonment at the second hearing was part of the "sentence imposed." Cf. United States v. Gracia-Cantu, 302 F.3d 308, 310-11 (5th Cir. 2002) (counting prison term imposed at probation revocation in determining whether an offense had a term of imprisonment of at least one year for § 2L1.2's aggravated felony enhancement).

Compian-Torres also argues for a view of the revocation sentence as not actually "imposed for" the prior felony but rather imposed for a new offense or separate conduct, namely, the failure to comply with court-ordered conditions of probation. While we

---

[1] Defendant notes that after the imposition of the two-year revocation sentence, he was released after less than ten months. Defendant suggests that the record is not clear whether this release was the result of a suspension of the two-year sentence, and that a remand may be necessary to clarify whether to count only ten months rather than two years. We do not find a remand warranted. The P.S.R. notes simply that defendant was "released & deported." See United States v. Jimenez, 258 F.3d 1120, 1125 (9th Cir. 2001), cert. denied, 534 U.S. 1151, 122 S. Ct. 1115, 151 L. Ed. 2d 1009 (2002) (considering entire two-year term of imprisonment imposed upon revocation of probation, although defendant served only thirteen months). Nowhere does the record suggest that the release was subject to any suspension, probation, or other condition excepted under the Commentary.

3

apply federal law to determine whether a sentence constitutes a term of imprisonment, we may examine state law for informational purposes and to aid our analysis of the effect of a state court's sentence. United States v. Landeros-Arreola, 260 F.3d 407, 410 (5th Cir. 2001).

Upon Defendant's violation of probation, he was assessed a prison term for the same offense conduct for which he had first been given leniency. Under both federal and state law a sentence imposed upon revocation of probation is treated as a sentence on the original underlying offense. Such a sentence is not considered a sanction for the new conduct which constituted a probation violation. See U.S. Sentencing Guidelines Manual, Ch. 7, Pt. A, 3(b) & Pt. B, Introductory Commentary (noting that sanction imposed upon revocation is to be served consecutively to any sentence for the new criminal conduct that is the basis of the revocation and that punishment for new criminal conduct is left to the court responsible for imposing that sentence).

The Texas Code of Criminal Procedure and case law treat a probation revocation similarly. See Tex. Crim. Proc. Code Ann., art. 42.02 (Vernon Supp. 2003) (defining "sentence" as "that part of the judgment, *or order revoking a suspension of the imposition of a sentence*, that orders that the punishment be carried into execution") (emphasis added); id. art. 42.12 § 23(a)(Vernon Supp. 2003)(allowing judge at revocation to proceed as if there had been no community supervision or to reduce the term originally assessed to a shorter term); Ex parte Weaver, 880 S.W.2d 855, 857 (Tex. App.

4

– Fort Worth 1994, pet. ref'd) ("In a probation revocation hearing, the State is seeking to impose the punishment originally assessed for the offense for which the probated sentence was given, not the offense which violated the probation condition.").

Those state law principles are consistent with our reading of the Guideline and Commentary as well as the view under federal jurisprudence. See United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2nd Cir. 2002) (holding that prison term following revocation of probation is modification and part of the actual sentence imposed for original offense); United States v. Woods, 127 F.3d 990, 992 (11th Cir. 1997) (considering revocation of probation to be modification of terms of original sentence); United States v. Brown, 59 F.3d 102, 104 (9th Cir. 1995) (regarding revocation to be reinstatement of sentence for underlying crime, not punishment for conduct leading to revocation); United States v. Vogel, 54 F.3d 49, 50 (2nd Cir. 1995) (holding that sentence at probation revocation is imposed on the original conviction, not on a separate offense).[2]

### III.

The plain language of the Guideline and Comment would require the court to disregard the *probated* sentence (the ten-year terms),

---

[2] We find no inconsistency between our conclusion and United States v. Arnold, 213 F.3d 894 (5th Cir. 2000), urged by Defendant at the argument of this appeal. Arnold concluded that a sentence is "imposed" when pronounced by the court, which is upon adjudication of guilt, not when incarceration begins, as at a later revocation. Id. at 895-96 (considering for purposes of criminal history under Guideline § 4A1.2(e)(2) whether to count probation revocation as a prior sentence "imposed within ten years"). Implicit in Arnold is a recognition that a revocation sentence is "imposed" on the original offense conduct.

and *not* to disregard the two years *imposed* upon revocation of probation.  Since this is precisely what the district court did, we discern no error.  Both federal law and Texas law support the principle that the revocation sentence was imposed for the original drug trafficking felony and not for the conduct deviating from conditions of probation.  Because the two-year sentence imposed on the prior drug trafficking offense exceeded 13 months, this case fits squarely within the Guideline.

AFFIRMED.