McWILLIAMS, Judge,
Dissenting.
There apparently is no binding 10th Circuit authority on the primary issue in this case. Hence, we are writing on a “clean slate,” so to speak. I am simply not in accord with the result reached in United States v. Compian-Torres, 320 F.3d 514 (5th Cir.2003) or in United States v. Moreno-Cisneros, 319 F.3d 456 (9th Cir.2003). I am in complete accord with Judge Fletcher’s dissent in Moreno-Cisneros. My view on this matter is well summarized in the final paragraph of Judge Fletcher’s dissent in Moreno-Cisneros, 319 F.3d at 464, where he spoke as follows:
“This is (or should be) an easy case. The amended Guideline, Sec. 2L1.2(b)(l) contains a new phrase, ‘sentence imposed,’ that is carefully defined in Application Note l(A)(iv). The phrase, as defined in the Note, has a plain meaning that excludes suspended sentences. I regret that the majority is unwilling to follow that plain meaning.”