United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-41083

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO RETTA-HERNANDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(B-03-246)

Before KING, Chief Judge, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Alejandro Retta-Hernandez ("Retta") was convicted on a plea of guilty for illegal

reentry into the United States in violation of 18 U.S.C. § 1326. At sentencing, the district court

imposed an eight level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C) (2002), on the basis that

Retta's previous theft conviction constituted an aggravated felony, and ultimately sentenced Retta

to, *inter alia,* twenty-four months incarceration. On appeal, Retta contends that the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in determining that his prior theft conviction qualified as an aggravated felony, and thus improperly enhanced his sentence. For the reasons that follow, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2003, United States Customs enforcement agents were patrolling downtown Brownsville, Texas, when the agents recognized Retta, in an adjacent vehicle at a stoplight, as an alien who had recently been deported from the United States. The agents stopped Retta, and upon questioning, he admitted being a citizen of Mexico who lacked proper documentation allowing him to legally reside in the United States. Retta was taken into custody and following a records check, agents determined that Retta also had a prior state conviction for theft from a person.

On May 15, 2003, Retta's prior state theft conviction, on which he originally received a sentence of one year incarceration suspended for two years probation, was revoked and Retta was re-sentenced to six months incarceration for the state theft conviction. On August 8, 2003, Retta was convicted, following a guilty plea, of illegal reentry into the United States under 18 U.S.C. § 1326.

At the federal sentencing, the Pre-Sentence Report ("PSR") determined that Retta's base offense level was eight, U.S.S.G. § 2L1.2(a). The PSR recommended an eight-level enhancement on the ground that Retta's prior state conviction was an aggravated felony. § 2L1.2(b)(1)(C). The adjusted offense level of sixteen was reduced by three levels for Retta's acceptance of responsibility, § 3E1.1(a) & (b), leaving a total offense level of thirteen and a criminal history category of IV, resulting in a guideline imprisonment range of twenty-four to thirty months.

Retta objected to the PSR's eight-level enhancement for an aggravated felony on the grounds that the prison sentence on his state theft conviction had ultimately been reduced to six months. The

2

district court ultimately disagreed with Retta's argument and sentenced him as follows: 24 months imprisonment, three years supervised release, and a $100 special assessment.

DISCUSSION

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo. United States v. Solis, 169 F.3d 224, 226 (5th Cir. 1999). Retta was convicted of unlawfully reentering the United States, subsequent to deportation, in violation of 8 U.S.C. § 1326(a). The district court enhanced Retta's sentence by eight levels on the ground that Retta's prior theft conviction was an aggravated felony. According to the Sentencing Guidelines, an eight level enhancement is proper if the defendant was deported, for unlawfully entering the United States, if the defendant was previously deported following a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(C).

The statutory definition of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43), also applicable to the guideline enhancement as well, includes a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment was at least one year." 8 U.S.C. § 1101(a)(43)(G) (emphasis added). We have held that the phrase "term of imprisonment" refers to "the period of incarceration of confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B); see United States v. Yanez-Huerta, 207 F.3d 746 (5th Cir. 1996) (suspended sentence counts for enhancement purposes). Under our precedent, however, the enhancement does not apply "when a defendant is directly sentenced to probation, with no mention of suspension of a term of imprisonment." United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999).

Retta contends that because his ultimate sentence was to serve six months in prison, he was not convicted of an aggravated felony, and thus should not receive the eight-level enhancement

3

pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Relying on our decisions in United States v. Compian-Torres, 320 F.3d 514 (5th Cir. 2003), and United States v. Landeros-Arreola, 260 F.3d 407, 410 (5th Cir. 2001), Retta contends that the district court erred because it should only have considered the six month term of imprisonment he was ordered to serve following revocation. We cannot agree.

In Compian-Torres, the defendant pleaded guilty to illegal reentry after having been deported following a felony drug trafficking conviction. 320 F.3d at 514. On his prior drug trafficking felony, Compian-Torres was sentenced for possession of a controlled substance to ten years probation, and for delivery of a controlled substance to ten years imprisonment, probated for ten years. Id. at 515. His probation was later revoked, and he was sentenced to two years imprisonment for the delivery offense. Id. Compian-Torres challenged the 16 level increase in his base offense level prompted by the district court's finding that his prior felony conviction was a drug-trafficking offense "for which the sentence imposed exceeded 13 months." Id. at 514-15.

At the outset, we observe that Compian-Torres is significantly different from the present case because the sentencing provisions involved in the two cases employ different methods of measuring the sentence imposed on a prior offense. Retta's aggravated felony case is governed by 8 U.S.C. § 1101(a)(48)(B), which defines "term of imprisonment" to include any sentence without regard to whether the sentence was suspended or otherwise not immediately executed. Thus, under the general rule governing the aggravated felony enhancement, Retta's original one-year suspended sentence would count as a year of imprisonment, making his prior offense an aggravated felony. See Yanez-Huerta, 207 F.3d at 748-49. But in Compian-Torres, the applicable Commentary specifically excluded any portion of a sentence that was suspended or probated. 320 F.3d at 515. The question in Compian-Torres, therefore, was whether the district court could consider a term of imprisonment

4

that was later imposed after the original term of probation — which, under the governing Commentary, did not count as a sentence of imprisonment — had been revoked.

On appeal, we affirmed the district court's judgment to consider, as part of the sentence on the prior felony, a term of imprisonment imposed upon revocation of probation. Id. at 515. We held that because such a term of imprisonment is indeed part of the punishment for the prior felony conviction, the district court properly counted such prison term in determining the length of the "sentence imposed" on the prior conviction. Id. In reaching that conclusion, we reasoned that "[u]nder both federal and state law a sentence imposed upon revocation of probation is treated as a sentence on the original underlying offense. Such a sentence is not considered a sanction for the new conduct which constituted a probation violation." Id. at 516 (emphasis added); see also United States v. Hidalgo-Macias, 300 F.3d 281, 285 (2nd Cir. 2002) (holding that prison term following revocation of probation is a modification and part of the actual sentence imposed for the original offense); Ex parte Weaver, 880 S.W.2d 855, 857 (Tex. App. — Fort Worth 1994, pet. ref'd) ("In a probation revocation hearing, the State is seeking to impose the punishment originally assessed for the offense for which the probated sentence was given, not the offense which violated the probation condition.").

The lesson in Compian-Torres therefore is that following a revocation of probation, sentencing courts properly look to the actual sentence imposed for the original offense, and the sentence following revocation is part and parcel of this actual sentence. Read in this light, the reasoning of Compian-Torres suggests that the government is correct in contending that Retta urges the court to do the "exact opposite" of what Compian-Torres mandates; rather than considering the sentence imposed on revocation as part of the entire "sentence imposed," Retta asks the court to

ignore the original sentence imposed and look only to the actual term of imprisonment ordered on revocation.

Retta's misunderstanding of Compian-Torres is due to what occurred *after* this court looked to the original sentence. In looking to the original sentence, we applied a portion of the Guidelines Commentary — a portion not applicable to Retta's case — instructing that, "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." Id. at 515 (quoting U.S.S.G. § 2L1.2, comment (n.1)(A)(iv)). Applying this language to the original sentence, we were required to disregard the probated sentence (the ten-year terms). Id. at 516. Because the sentence imposed upon revocation is treated as a sentence on the original underlying offense, we did not disregard the two years imposed upon revocation of probation. Id. To the contrary, we steadfastly focused on the *original* sentence for purposes of determining whether there has been a qualifying drug-trafficking conviction, and merely applied the sentence following revocation as an extension of the original sentence. Again, the statute governing Retta's case, 8 U.S.C. § 1101(a)(48)(B) does not require us to ignore the original suspended sentence.

Similarly, we find Retta's reliance on Landeros-Arreola — as standing for the proposition that if the court reduces a prison sentence to less than one year, the prior conviction is not an aggravated felony — also infirm. In Landeros-Arreola, the defendant pleaded guilty to re-entering the United States illegally, in violation of 8 U.S.C. § 1326. 260 F.3d at 409. At sentencing, the PSR treated the defendant's menacing conviction as an aggravated felony, increasing the defendant's base offense level by sixteen and adding three points to his criminal history. Id. Landeros objected to the sentencing report's enhancement on the ground that his prior conviction was not an aggravated felony because his sentence, which was originally four years imprisonment, was subsequently reduced to less

6

than a year.[1]  Id.  Landeros pointed out that after he completed a state "military boot camp" for inmates, the state court issued a "Reconsideration of Sentence" order reducing his term of imprisonment to less than one year.  Id.  The district court determined that the state court's order was similar to an early release, and did not constitute a change in sentence.  Id. at 410.  Thus, the district court found that Landeros's prior Colorado felony conviction for menacing constituted an aggravated felony, which subjected him to U.S.S.G. § 2L1.2's penalty enhancement.  Id. at 409.

On appeal, we reversed and held that Landeros's menacing conviction does not meet the aggravated felony definition.  Id. at 414.  We rejected the government's argument that the state court's reduction for completion of boot camp was in effect a suspension of the execution of sentence and instead found that "[b]ecause Landeros's sentence was reduced from a potentially qualifying term of imprisonment to probation . . . his prior conviction does not meet the federal definition of an aggravated felony."  Id. at 413.  In so concluding, we reasoned that "[w]hile our prior cases indicate that defendants who receive suspended sentences . . . remain subject to the aggravated felony definition, our prior cases do not intimate that a modification of a defendant's term of imprisonment to probation via Rule 35(b) constitutes a suspension of sentence."  Id.  Interpreted in this light, Landero-Arreola stands for the proposition that while a sentence reduced to *probation* does not constitute a term of imprisonment for purposes of determining whether a prior conviction is an aggravated felony, a sentence modified to a *suspension* remains subject to the aggravated felony definition.

Accordingly, we find that Retta's misinterpretation of the holding in Landero-Arreola, as standing for the notion that a reduction in a prison sentence to less than a year, means his earlier

---

[1] Pursuant to Section 1101(a)(43)(F), the term "aggravated felony" means a crime of violence for which the term of imprisonment is at least one year.  8 U.S.C. § 1101(a)(43)(F).

conviction is "erased," stems from reading our opinion out of context. In reaching our conclusion in Landero-Arreola we compared Landeros's case with United States v. Vasquez-Balandran, 76 F.3d 648, 650-51 (5th Cir. 1996), where we held an abeyance in lieu of probation under Texas law was effectively a suspended sentence that should be included in the term of imprisonment calculation. Id. at 414. We found that Vasquez-Balandran's sentence differed from Landeros's sentence, because the former's term of imprisonment — similar to Retta's sentence —  was imposed and then suspended, "thus subjecting Vasquez-Balandran to service of that sentence if he violated the terms imposed by the court." Id. at 414.

Conversely, in Landeros's case, and unlike Retta's present case, the state sentencing court imposed a term of imprisonment but, thereafter, intervened and reduced the sentence imposed from one of imprisonment to one of probation. As a consequence, we stated, "nothing remained of the original term of imprisonment for the court to suspend." Id. (emphasis added). In other words, unlike Retta's argument, the original term of imprisonment does not disappear upon reduction, rather in reducing a sentence to probation the prior term cannot be suspended. Therefore, we find Retta's case similar to Vasquez-Balandran where the term of imprisonment was imposed and then suspended and thus, Retta's original suspended sentence should be included in the term of imprisonment calculation.

Finally, we note that if we adopted Retta's argument, Retta would be awarded a windfall solely because he happened to violate his probation resulting in his serving six months of his one year sentence. On the other hand, a similarly situated defendant who does not violate his probation would end up with four more points added to his base level because he did not violate his probation. We find such a result untenable.

Accordingly, we conclude that the district court did not err in applying the eight level enhancement. We therefore affirm Retta's sentence.

AFFIRMED.