United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51449
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DANIEL KELLY MOSES,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-136-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Daniel Kelly Moses appeals the sentence imposed following

his guilty plea conviction for attempting to manufacture

methamphetamine.  Moses argues that the district court erred

under United States v. Booker, 125 S. Ct. 738 (2005), by applying

the sentencing guidelines as mandatory and that the district

court erred by assigning him four criminal history points for two

prior convictions.  Moses asserts that he should have received a

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

total of two criminal history points for these two convictions because they are related cases.

We review for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Moses has not established plain error with respect to the district court's mandatory application of the sentencing guidelines because he has not met his burden to show that the district court would have imposed a significantly different sentence under an advisory guidelines scheme. See United States v. Holmes, 406 F.3d 337, 365-66 (5th Cir. 2005), petition for cert. filed (July 1, 2005) (No. 05-38).

Moses also has failed to show that the district court plainly erred in calculating his criminal history score. On the same day that Moses was sentenced for a 2002 possession of cocaine offense, the terms of his probation for a 2001 possession of cocaine offense were amended. Despite Moses's argument to the contrary, this does not establish that these two cases were related. See United States v. Compian-Torres, 320 F.3d 514, 516 (5th Cir. 2003); United States v. Husky, 137 F.3d 283, 288 (5th Cir. 1998).

AFFIRMED.