United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20701
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

FRANCISCO ARRIOLA-CARDONA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-90-ALL

Before JONES, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Arriola-Cardona (Arriola) was convicted by guilty plea of unlawful presence in the United States after removal subsequent to an aggravated felony conviction. Over Arriola's objection, the district court adjusted his base offense level upward by eight levels because Arriola's prior theft conviction was an aggravated felony. The resulting guidelines sentencing range was eighteen to twenty-four months. The district court rejected Arriola's request that his sentence contain a "credit" for time

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

spent in custody by immigration authorities, saying, "I can't give him credit." The court did sentence Arriola to eighteen months, the bottom of the Guidelines range. Arriola appeals only his sentence.

## Aggravated Felony

Arriola argues that his prior theft conviction does not qualify as an aggravated felony under the Guidelines because his original two-year sentence was probated and his sentence upon revocation of probation was less than one year. As Arriola raised this argument in the district court, our review of the district court's application of the Guidelines is de novo. United States v. Charon, 442 F.3d 881, 887 (5th Cir. 2006).

Section 2L1.2(b)(1)(C) provides for an eight-level increase in offense level if the defendant has a prior conviction for an aggravated felony. The commentary to § 2L1.2 adopts the definition of "aggravated felony" set forth in 8 U.S.C. § 1101(a)(43). See § 2L1.2, comment (n.2). Section § 1101(a)(43)(G) defines "aggravated felony" to include "a theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). The phrase "term of imprisonment" refers to "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment." Id. § 1101(a)(48)(B).

We distinguish situations in which a court sentences a defendant directly to probation and situations like the one in this case, in which the court has sentenced the defendant to a period of incarceration and then suspended it in favor of probation. <u>See United States v. Landeros-Arreola</u>, 260 F.3d 407, 410 (5th Cir. 2001). Arriola argues that, because his sentence after revocation of probation was only seven months, his original sentence of two years' imprisonment, probated for five years, was not "at least one year" as required by § 1101(a)(43)(G). We rejected this argument in an unpublished opinion directly on point, <u>United States v. Retta-Hernandez</u>, 106 F. App'x 879, 880-83 (5th Cir. 2004).

Arriola concedes that his prior conviction would be an aggravated felony under <u>Retta-Hernandez</u>. He argues that <u>Retta-Hernandez</u> was wrongly decided and points out that, as an unpublished opinion, it is not precedential. We nonetheless find the reasoning of <u>Retta-Hernandez</u> persuasive, <u>see</u> 5TH CIR. R. 47.5.4, and decline to reach a contrary result.

**Constitutionality of 8 U.S.C. § 1346(a) and (b)**

Arriola argues that 8 U.S.C. § 1326 is facially unconstitutional because it treats prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235

3

(1998), by which we are bound.  <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).

## <u>Fanfan</u> Error

Arriola was sentenced before the decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the district court imposed sentence under the then-mandatory Sentencing Guidelines. Arriola's initial brief, filed prior to the issuance of <u>Booker</u>, raised no challenge to the constitutionality of the Sentencing Guidelines.  In a supplemental letter brief, Arriola argued that the district court erred in sentencing him pursuant to a mandatory guidelines scheme.  He conceded that, because he had not objected to the constitutionality of the Guidelines in district court, the plain error standard of review applied to his argument.  In his reply brief, Arriola asserted that his concession of plain error review was improvident based on an objection he raised in district court.

Imposition of a sentence pursuant to a mandatory application of the Sentencing Guidelines constitutes "<u>Fanfan</u>" error.  <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 464 (2005); <u>see</u> <u>United States v. Villegas</u>, 404 F.3d 355, 364 (5th Cir. 2005) (discussing difference between <u>Booker</u> and <u>Fanfan</u> error).  We have rejected Arriola's argument that <u>Fanfan</u> error is structural and presumptively prejudicial.  <u>United States v. Malveaux</u>, 411 F.3d 558, 561 & n.9

4

(5th Cir.), cert. denied, 126 S. Ct. 194 (2005).  If Fanfan error "is preserved in the district court by an objection," the burden is on the Government to show that the error was harmless.  United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  Unpreserved claims of Fanfan error are reviewed for plain error only, in which case the burden is on Arriola to show that the error was plain and affected his substantial rights.  Id.

In initial objections to the PSR, Arriola argued that his prior theft conviction was not an aggravated felony "under the current, unconstitutional scheme."  In a footnote, defense counsel observed:

> Despite the Fifth Circuit's recent holding in [United States v. Pineiro, 377 F.3d 464 (5th Cir. 2004), vacated, 543 U.S. 1101 (2005)] that the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), does not impact the constitutionality of the federal guidelines, counsel suspects that the guidelines are doomed.

This remark was not repeated in Arriola's objections to the revised PSR, nor did counsel or the district court mention Blakely during sentencing.

Under RULE 51(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, "[a] party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection."  Arriola asserts that his references to an "unconstitutional scheme" and to

5

the Guidelines being "doomed" preserved <u>Fanfan</u> error.  We do not consider such oblique references to be an "objection" putting the district court on notice that a ruling was required.  We therefore review for plain error.

Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights." <u>Valenzuela-Quevedo</u>, 407 F.3d at 732 (internal quotation marks and citation omitted).  If these three conditions are met, we may exercise our discretion to notice the error, but only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> (internal quotation marks and citation omitted).

Arriola's <u>Fanfan</u> error satisfies the first two prongs of the standard by being both "plain" and "error."  To show an effect on his substantial rights, Arriola must show that the error "affected the outcome of the district court proceedings." <u>Id.</u> at 733 (internal quotation marks and citation omitted).  Arriola must identify "statements in the record by the sentencing judge demonstrating a likelihood that the judge, sentencing under an advisory scheme rather than a mandatory one, would have reached a significantly different result."  <u>United States v. Pennell</u>, 409 F.3d 240, 245 (5th Cir. 2005).

The district court stated that it had chosen a sentence "at the low end [of the Guidelines] instead of the middle as recommended" by the probation officer because it could not give Arriola credit for time in immigration custody.  A sentence at the

6

low end of the Guidelines, without more, is insufficient to show that <u>Fanfan</u> error affected a defendant's substantial rights.  <u>See United States v. Bringier</u>, 405 F.3d 310, 317 n.4 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 264 (2005) (discussing Sixth Amendment <u>Booker</u> error).  Nothing in the record indicates that the district court would have imposed a different sentence under an advisory guidelines scheme.  Therefore, Arriola has failed to show that the district court's <u>Fanfan</u> error affected his substantial rights, and he cannot establish plain error.

The district court's judgment is **AFFIRMED**.