EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s decision to vacate Bustillos’s sentence and remand for re-sentencing because I believe that the enhancement applied by the district court is supported by an unambiguous guideline provision, obviating the need to reach the rule of lenity.
Bustillos’s interpretation of the guideline provision, adopted as “the most natural reading” by the majority, creates two conditions that must be satisfied in sequence before it can be applied: first, the defendant must be convicted of a drug trafficking offense for which he is sentenced to over thirteen months of imprisonment; and second, the defendant must be deport *870 ed after the first condition has been met (ie., the conviction and qualifying sentence must take place before deportation). This interpretation misconstrues the plain text of § 2L1.2 of the sentencing guidelines. The text of that section does not enhance the sentence of a defendant who was deported after being sentenced to thirteen or more months of imprisonment. Instead, it enhances the sentence of a defendant who is deported after he is convicted for a felony that is, as relevant here, “a drug trafficking offense for which the sentence imposed exceeded 13 months.” U.S.S.G. § 2L1.2(b)(l)(A)(i). It is the law of this circuit that “[a] sentence imposed on revocation is actually ‘imposed’ as described in [§ 2L1.2(b)(l)(A)(i)].” United States v. Compian-Torres, 320 F.3d 514, 515 (5th Cir.2003).[1]
The district court properly determined that Bustillos’s pre-deportation 2001 Texas conviction for marijuana delivery constituted a conviction for a “drug trafficking offense.” Once that requirement was met, all that remained was for the court to determine whether the “sentence imposed” for the conviction “exceeded 13 months.” U.S.S.G. § 2L1.2(b)(l)(A)(i). The term “ ‘[sjentence imposed’ has the meaning given the term ‘sentence of imprisonment’ in Application Note 2 and subsection (b) of § 4A1.2[2] ... without regard to the date of conviction. The length of the sentence imposed includes any imprisonment given upon revocation of probation .... ” U.S.S.G. § 2L1.2, cmt. n.l(B)(vii) (emphases added). After the district court properly determined that the sentence imposed for Bustillos’s 2001 drug trafficking conviction was five years’ imprisonment, she properly applied the sixteen-level enhancement.
“It is well established that our interpretation of the Sentencing Guidelines is subject to the ordinary rules of statutory construction .... If the language of the guideline is unambiguous, our inquiry begins and ends with an analysis of the plain meaning of that language.” United States v. Carbajal, 290 F.3d 277, 283 (5th Cir. 2002) (citation omitted). Because the language of § 2L1.2 is unambiguous, the majority’s foray into the “purpose” of § 2L1.2 is unnecessary. It also misses the point— the majority errs when it states that “[i]l-legal reentry by a defendant who received a probated sentence is not as great a cause for concern as illegal reentry by a defendant who was given an actual sentence of imprisonment for the same offense, because the probated defendant’s offense was not deemed to be as serious by the *871 court of conviction.” Maj. Op., supra at 867. But the law of this circuit, and many other circuits, is that the seriousness of an infraction is determined retroactively. See, e.g., Compian-Torres, 320 F.3d at 516 (collecting cases). The critical inquiry into the seriousness of a prior infraction, therefore, is to be made by the court that sentences the defendant for the illegal reentry, not “the court of conviction.” And an originally-probated defendant who reenters, violates his probation, and is imprisoned, should be treated no differently under the guidelines than an originally-imprisoned defendant. Once the probated defendant violates his probation in a manner that causes him to be imprisoned, his crime becomes equally serious under the guidelines as the crime of the originally-imprisoned defendant.
Section 2L1.2 imposes a greater enhancement upon a defendant whose predeportation conviction is more serious, measured by the duration of the prison sentence imposed for that conviction, as determined at the time of sentencing for the illegal reentry. The date that the prison sentence is imposed relative to the date of the defendant’s deportation is of no import under the guideline or its application notes. Nor should it be, since post-deportation, probation-revoking conduct (like Bustillos’s assault on a public servant) that triggers imposition of a qualifying sentence for the pre-deportation conviction demonstrates the seriousness of that original conviction. See United States v. Moreno-Cisneros, 319 F.3d 456, 458 (9th Cir. 2003) (“A defendant who does not abide by the terms of his probation has demonstrated that he should not have been given probation in the first place.”).
The guideline is unambiguous and the majority’s application of the rule of lenity is therefore inappropriate. Accordingly, I respectfully dissent.

. This interpretation reflects the same understanding of § 2L1.2 as that embodied in application note l(B)(vii), which went into effect ten months after Compian-Tones was decided. That application note makes clear that the "length of the sentence imposed includes any term of imprisonment given upon revocation of probation.” U.S.S.G. § 2L1.2 cmt. n.l(B)(vii) (2008) (emphasis added). An application note "that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.” United States v. Johnston, 559 F.3d 292, 295 n. 4 (5th Cir.2009) (quoting Stinson v. United States, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993)).

. Application Note 2 of § 4A1.2 states that “[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence ....” U.S.S.G. § 4A1.2, cmt. n.2. Subsection (b) of § 4A1.2 provides:
(b) Sentence of Imprisonment
(1) The term “sentence of imprisonment” means a sentence of incarceration and refers to the maximum sentence imposed.
(2) If part of a sentence of imprisonment was suspended, "sentence of imprisonment” refers only to the portion that was not suspended.
U.S.S.G. § 4A1.2(b) (emphasis in original). Bustillos’s sentence clearly qualifies as a "sentence of imprisonment.”