# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2011

Lyle W. Cayce
Clerk

No. 10-50533
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROSARIO SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-139-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez appeals his sentence after pleading guilty of being in the

United States illegally after removal in violation of 8 U.S.C. § 1326.  The district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50533

court enhanced Sanchez's sentence under U.S.S.G. § 2L1.2(b)(1)(C) based on his having been deported following an aggravated felony, a conviction in Texas for burglary of a vehicle. The court sentenced Sanchez within the guideline range to twenty-four months' imprisonment and three years' supervised release. The court stated, at sentencing and in a post-sentencing order, that it would have imposed the same sentence without the enhancement as a variance from the guideline range under 18 U.S.C. § 3553(a).

Sanchez argues that, whether his sentence was a guideline sentence or a variance, the district court erred when it applied § 2L1.2(b)(1)(C). Sanchez acknowledges that when he was sentenced, his conviction of burglary counted as an aggravated felony for purposes of § 2L1.2. He contends that his 365-day suspended sentence for that conviction, however, was revoked and that he was given a new sentence of 270 days, which was less than the one year required under 8 U.S.C. § 1101(a)(43)(G) to be an "aggravated felony."

Under *Gall v. United States,* 552 U.S. 38, 50 (2007), this court must first ensure that the court properly calculated the guideline range. *See United States v. Delgado-Martinez*, 564 F.3d 750, 752-54 (5th Cir. 2009); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008). Because Sanchez challenged the enhancement in the district court, we review that court's application of the guidelines *de novo* and its factual findings for clear error. *See United States v. Rodriguez,* 602 F.3d 346, 362 (5th Cir. 2010).

This court has rejected the argument Sanchez advances. *See United States v. Arriola-Cardona*, 184 F. App'x 373, 374-75 (5th Cir. 2006); *United States v. Retta-Hernandez*, 106 F. App'x 879, 880-83 (5th Cir. 2004). Finding the reasoning in those cases to be persuasive, we AFFIRM.