# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

No. 10-10483

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO RIOS-CORTES,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH and STEWART, Circuit Judges.[*]

JERRY E. SMITH, Circuit Judge:

Alejandro Rios-Cortes appeals his sentence for illegal reentry following deportation. The  presentence report recommended that the court increase his base offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), for a prior conviction for theft, an aggravated felony. That conviction resulted in a two-year sentence

[*] Judge Garwood was a member of this panel but died, after oral argument, on July 14, 2011.  This matter is decided by a quorum.  *See* 28 U.S.C. § 46(d).

that was probated for five years. Rios-Cortes violated the terms of his probation, and so it was revoked, but the sentencing court reduced his sentence to 180 days instead of imposing the original two-year term. After serving that sentence, Rios was deported. He then illegally reentered the United States, was arrested for the instant offense, and pleaded guilty.

At sentencing, Rios-Cortes argued that his prior conviction was not an aggravated felony. A theft offense is an aggravated felony under 8 U.S.C. § 1101(a)(43)(G) if the term of imprisonment is for at least one year. Rios-Cortes asserted that because his sentence was reduced to a term of less than one year, the offense was not covered by the statute. The district court disagreed and applied the enhancement. "We review a district court's interpretation of 'whether the sentencing guidelines apply to a prior conviction . . . de novo.'" *United States v. Landeros-Arreola*, 260 F.3d 407, 410 (5th Cir. 2001) (quoting *United States v. Vasquez-Balandran*, 76 F.3d 648, 649 (5th Cir. 1996)).

For purposes of § 1101(a)(43)(G), the "term of imprisonment" is "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B). For purposes of enhancement, a court may consider sentences that have been suspended for probation. *United States v. Yanez-Huerta*, 207 F.3d 746 (5th Cir. 1996) (per curiam). Thus, if a defendant was sentenced to a two-year term for theft, the court probated his sentence for five years, and the defendant completed his probation, a court may treat that conviction as an aggravated felony even though his sentence was suspended and he served no jail time.

In *Landeros-Arreola*, the defendant had a prior conviction for which he was sentenced to a term of four years. Once he successfully completed Colorado's Regimented Inmate Training Program, however, the court reduced his sentence from imprisonment to probation. We agreed with defendant that his con-

No. 10-10483

viction did not qualify as an aggravated felony under § 2L1.2(b)(1)(C), because his sentence was *reduced* to probation, not *suspended* for probation. We noted that Colorado courts must sentence a defendant to either imprisonment or probation and may not probate a specific sentence, so the sentence could not have been suspended. We indicated that a suspended sentence would be treated differently, as it was in *Vasquez-Balandran*.

In *United States v. Retta-Hernandez*, 106 F. App'x 879 (5th Cir. 2004) (per curiam), we distinguished *Landeros-Arreola* from situations in which the defendant was sentenced to more than one year, the sentence was suspended for a term of probation, and upon revocation of probation the court reduced the sentence to a term of less than one year instead of the original term. We noted that if we followed *Landeros-Arreola* in such cases, the enhancement would not apply, and the defendant would receive a windfall merely because he violated his term of probation—a perverse result. *Id.* at 883. The enhancement would apply, however, to a similarly situated defendant who had not violated his probation, because the suspended term of imprisonment would have been left intact. Thus, in *Retta-Hernandez* we declined to extend *Landeros-Arreola* and held that the district court had properly considered the original, probated sentence.

This court reaffirmed the reasoning and holding of *Retta-Hernandez* in *United States v. Arriola-Cardona*, 184 F. App'x 373 (5th Cir. 2006) (per curiam), and again in *United States v. Sanchez*, 419 F. App'x 504 (5th Cir. 2011) (per curiam). Rios-Cortes attempts to distinguish those cases by arguing that the courts looked to the sentence as it existed on the date of deportation, but none of the three opinions mentions such a consideration. Rios-Cortes also cites *United States v. Bustillos-Pena*, 612 F.3d 863 (5th Cir. 2010), for the proposition that the sentence on the date of deportation is controlling. *Bustillos-Pena*, however, dealt with a different provision of § 2L1.2, which considers the "sentence imposed," § 2L1.2(b)(1)(A), and not the "term of imprisonment," § 2L1.2(b)(1)(C). The two

3

differ in that the sentence imposed "refers only to the portion [of the sentence] that was not suspended," § 4A1.2(b)(2), and "the defendant must have actually served a period of imprisonment on such sentence," § 4A1.2 cmt.2. A term of imprisonment, on the other hand, includes the suspended portion of the sentence, and the defendant need not have actually served any time.

We continue to follow *Retta-Hernandez*, *Arriola-Cardona*, and *Sanchez*, and we conclude that the district court did not err in sentencing Rios-Cortes. The judgment of sentence is AFFIRMED.