

## NUMBER 13-11-00475-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**DARRELL MCQUEEN,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                      **Appellee.**

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant, Darrell McQueen, appeals the trial court's sentence of fifteen years'
imprisonment after he pleaded guilty to the offense of possession with intent to deliver a
controlled substance. *See* TEX. PEN. CODE ANN. § 12.32 (West 2009). McQueen
appeals on the grounds that he was denied effective assistance of counsel. *See*
*Strickland v. Washington*, 466 U.S. 668, 669 (1984). Because we hold that McQueen

did not meet his burden of demonstrating ineffective assistance of counsel, we affirm.

## I. BACKGROUND

On January 21, 2009, McQueen entered a guilty plea to a first-degree felony of possession with intent to deliver cocaine; the trial court deferred adjudication, and sentenced him to seven years of community supervision. Due to alleged violations of the community supervision conditions, the State filed an original motion to revoke probation ("motion to revoke") on March 31, 2009. McQueen was continued on community supervision after a hearing on the motion to revoke.[1]

McQueen was arrested on December 17, 2009 and later indicted for a third-degree felony charge of deadly conduct.[2] On January 12, 2010, the State filed an original motion to revoke, and a first amended motion to revoke on April 5, 2010, alleging the deadly conduct charge and a charge for failing to identify himself. At the hearing on May 14, 2010, McQueen pleaded true to allegations of cocaine, marijuana, and alcohol use. McQueen was then given a ten-year extension of his community supervision term.[3] On February 28, 2011, McQueen pleaded guilty to the deadly conduct charge and was sentenced to five years' imprisonment, pursuant to a plea agreement.

On April 8, 2011, the State filed its original motion to revoke alleging three violations arising from the deadly conduct charge and adding the failure to identify charge. On April 14, 2011, McQueen pleaded true to all of the allegations in the motion

---

[1] Although the clerk's record does not contain an order continuing McQueen's probation, the docket sheet reflects that a revocation hearing was held on April 8, 2009.

[2] The State alleged that McQueen committed the offense of deadly conduct by discharging a firearm in the direction of a habitation. *See* TEX. PEN. CODE ANN. § 22.05(b) (West 2012).

[3] Although it is stated in the reporter's record that the court extended McQueen's probation to three years, we refer to the court's oral pronouncement which increases the period of probation by ten years. *See State v. Posey, 300 S.W.3d 23, 33* (indicating that when the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls).

2

to revoke. The State recommended nine years' imprisonment because McQueen pleaded guilty to the deadly conduct charge and pleaded true to the violations alleged in the state's April 8, 2011 motion to revoke. The trial court revoked appellant's community supervision, adjudicated him guilty and then sentenced McQueen to fifteen years in prison. This appeal ensued.

## II. DISCUSSION

### A. Applicable Law

In evaluating an ineffective assistance of counsel claim, we use the *Strickland* standard. *Strickland*, 466 U.S. at 669. The *Strickland* Court held that the following factors must be met to determine whether counsel was in fact ineffective:

(1) counsel's performance was deficient, requiring a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment; and

(2) That deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Under the first prong of *Strickland*, the proper measure of attorney performance is based on an objective standard of reasonableness in accord with existing professional norms. *Id*. at 688; *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (en banc). Our review of counsel's performance must be highly deferential. *Id*. at 689; *see Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, and the defendant must overcome that presumption. *Andrews*, 159 S.W.3d at 101. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly

founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). If this prong is met, the appellant must also affirmatively prove "prejudice," which requires a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## B. Analysis

Though McQueen sets forth four separate circumstances in which he believes his appointed counsel was ineffective, we must view the representation collectively to assess whether the *Strickland* standard has been met. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. Crim. App.—Corpus Christi 2006, no pet.) (concluding that isolated failures to object generally do not constitute error in light of the sufficiency of the overall representation).

In the instant case, McQueen alleged that his counsel was ineffective because he: (1) failed to properly prepare for punishment; (2) failed to object to the lack of a separate punishment hearing; and (3) failed to present non-aggravating factors in the underlying offense conduct. However, when the record contains no evidence of the reasoning behind counsel's actions, a court normally cannot conclude that counsel's performance was deficient as an element of a claim of ineffective assistance of counsel. *Ex Parte Miller*, 330 S.W.3d 610, 615–16 (Tex. Crim. App. 2009). The record is silent as to what counsel did or did not do to prepare for the hearing. The record is also silent as to the reasoning for trial counsel's conduct. Therefore, McQueen has failed to overcome the strong presumption of reasonable assistance. *See Sanchez v. State*, 222 S.W.3d 85,

4

91 (Tex. App.—Tyler 2006, no pet.) (establishing that a silent record regarding trial counsel's reasons for his actions precluded a finding of ineffective assistance at a revocation hearing); *see also Salinas*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). In addition, McQueen fails to brief the second prong of *Strickland* test with respect to this first argument, thus insufficiently proving ineffective assistance of counsel. *See Strickland*, 466 U.S. at 694; Tex. R. App. P. 38.1(i).

McQueen also asserts the following ineffective conduct: trial counsel failed to object to the testimony of the victim in another case not relevant to the trial court's decision for punishment on the underlying offense; and by allowing the trial court to only consider conduct from an offense for which appellant had already been sentenced. McQueen first argues that counsel allowed the State to present hearsay testimony from a victim in the deadly conduct offense and that it is improper to allow testimony regarding conduct other than that from the underlying offense. *See Ex parte Weaver*, 880 S.W.2d 855, 856 (Tex. App.—Fort Worth 1994, pet. ref'd). *Ex parte Weaver* is inapplicable in this case because it is a case that pertains to the issue of double jeopardy. *See Id*. In contrast, the evidence admitted at the hearing on the state's motion to revoke deals with an instance in which he violated his community supervision by committing the offense of deadly conduct.

The record is silent with respect to the trial counsel's reasons for failing to object. When the record is silent, we must not speculate on the reason for trial counsel's decisions and cannot conclude that counsel's performance was deficient. *See Weeks v. State*, 894 S.W.2d 390, 391–92 (Tex. Ct. App.—Dallas 1994, no pet.). McQueen has failed to overcome the strong presumption of reasonable assistance. *See Sanchez*,

5

222 S.W.2d at 91. Moreover, assuming without deciding that McQueen established the first-prong of *Strickland*, he failed to brief the second prong of the *Strickland* test. *See* TEX. R. APP. P. 38.1(i). Therefore, McQueen's first ineffective assistance of counsel argument is waived.

McQueen next asserts the following as the basis for his ineffective assistance claims: trial counsel failed to object to the punishment given to McQueen, which amounted to cruel and unusual punishment. However, punishment assessed within the statutory limits is generally not cruel and unusual punishment. *See Nunez v. State*, 110 S.W.3d 681, 682 (Tex. App.—Corpus Christi 2003, no pet.). The statutory limit for first-degree felonies is imprisonment in the Texas Department of Criminal Justice Institutional Division for life or for any term of not more than 99 years or less than 5 years. TEX. PEN. CODE ANN. § 12.32 (West 2009). Here, McQueen was sentenced to fifteen years and is well within the statutory limit. Therefore, the sentence does not amount to cruel and unusual punishment. *See Nunez*, 110 S.W.3d at 682. Accordingly, McQueen's trial counsel's failure to object was not ineffective assistance of counsel.

McQueen also notes the following alleged improper assistance:

(1) By failing to request dismissal of the April 8, 2011 motion to revoke, which presents identical violations of probation discussed in the May 14, 2010 motion to revoke hearing; and (2) by advising McQueen to plead true to the April 8, 2011 motion to revoke allegations because he was incapable of committing further violations due to his incarceration after the May 14, 2010 hearing.

Here, McQueen is alleging that by failing to request dismissal of the State's April 8, 2011 motion to revoke, counsel effectively placed McQueen's liberty in jeopardy twice for the same offense. As we previously noted in McQueen's second issue, this is not a double

jeopardy case. Double jeopardy does not apply to probation revocation proceedings because such proceedings are not designed to punish a criminal for the violation of a criminal law, but to determine whether a parolee or probationer has violated the conditions of his parole and probation. *Ex parte Peralta*, 87 S.W.3d 642, 646 (Tex. App.—San Antonio 2002, no pet.) (citing *U.S. v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981)).

McQueen then argues that his trial counsel failed in advising McQueen to enter a plea of true to violations at the 2011 hearing, which left the impression that further violations had been committed between the 2011 motion to revoke hearing and the 2011 hearing. Again, the record is silent on McQueen's counsel's decision process, so we cannot conclude that counsel's performance was deficient. *See Weeks*, 894 S.W.2d at 391–92. We must presume that counsel was better positioned than this court to judge the pragmatism of the particular case, and that counsel made all significant decisions in the exercise of reasonable professional judgment. *Stone v. State*, 17 S.W.3d 348, 350–51 (Tex. App.—Corpus Christi 2000, pet. ref'd) (citing *Young v. State*, 991 S.W.2d 835, 837 (Tex. Crim. App. 1999) (en banc)).

Lastly, McQueen argues that his trial counsel violated his due process rights by failing to object to the 2011 motion to revoke and for failing to question the court's authority to adjudicate McQueen when he had committed no further violations subsequent to the 2011 motion to revoke hearing. McQueen relies on *Rogers v. State*, which held that once the trial court exercised its authority and modified the conditions of probation it may not change that disposition at a subsequent hearing where no further violation was shown. 640 S.W.2d 248, 250 (Tex. Crim. App. 1981). Here, McQueen

interprets the law to mean that the trial court, having modified conditions of probation, may revoke probation if no violation came subsequent to the hearing. We disagree with this interpretation. In the motion to revoke hearing, after McQueen pleaded guilty to deadly conduct, he pleaded true to (1) the offense of discharging a firearm, aggravated assault, in 2009; (2) the offense of failure to identify; and (3) the offense of unlawfully carrying a weapon. These are all violations that McQueen had not pleaded true to in the previous hearing, thus *Rogers* is inapposite because the trial court did not rely on these violations to make the modification.

McQueen did not meet the first prong of the *Strickland* test because the record is silent on the *Strickland* factors. Therefore, we hold that McQueen has failed to establish the *Strickland* test. *See Strickland*, 466 U.S. at 687. Accordingly, we overrule McQueen's sole issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
12th day of July, 2012.

8